IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RED SQUARE CORPORATION,

           Plaintiff,                           07cv0498

                                             **ELECTRONICALLY FILED**

    v.

NOVIK, INC.,

           Defendant.

**MEMORANDUM AND ORDER OF COURT**

Before the Court is defendant Novik, Inc.'s motion to dismiss (doc. no. 8) plaintiff Red Square Corporation's complaint alleging state law breach of contract and related claims, on the grounds of  want of subject matter jurisdiction (challenging the amount in controversy required to sustain diversity jurisdiction), lack of personal jurisdiction, and failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(1)(2) and (6), respectively.  After careful consideration of the motion and brief in support, and of plaintiff's response, brief in opposition and attachments thereto, the Court will deny the motion without prejudice.

**Rule 12(b)(1).**  This Court summarized the standards for deciding a Rule 12(b)(1) motion, as follows:

> A district court can grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of the claim.  But dismissal is proper only when the claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous."  Bell v. Hood, 327 U.S. 678, 682 (1946).  See also Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974) (claim must be "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy"). . . .

1

. . . When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.  See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

Radeschi v. Commonwealth of Pennsylvania, 846 F. Supp. 416, 419 (W.D. Pa. 1993), cited with approval, Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 695 n.3 (3d Cir. 1996), quoting Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991).

Mortensen recognized that a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can take two forms:  facial attacks, wherein the court restricts itself to the face of the complaint taking all well-pleaded averments as true and giving the plaintiff the benefit of all reasonable inferences; and factual attacks, wherein the trial court's power is broad and flexible and it may consider affidavits and other matters without "converting" the motion to dismiss to one for summary judgment, with no presumption of truthfulness attaching to plaintiff's averments, and with the burden of persuasion firmly on plaintiff, in order to "satisfy itself as to the existence of its power to hear the case."  Mortensen, 549 F.2d at 891.  See, e.g., Osborn v. United States, 918 F.2d 724, 729-30, n. 6 (8th Cir. 1990), quoting Mortensen; Garcia v. United States, 896 F. Supp. 467, 470-71 (E.D. Pa. 1995), quoting Mortensen; Barrister v. Wendy's Int'l, Inc., 1993 WL 293896 at *3-*5 (E.D. Pa. 1993).

However, the Court of Appeals for the Third Circuit and other courts of appeals "have repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits under 12(b)(6).  This occurs when the arguments raised in connection with the jurisdictional motion involve questions on the merits, such as the truth of the facts alleged in the complaint and their legal sufficiency."  Barrister, 1994 WL 293896 at *4 (collecting numerous cases).  Where the question of subject matter jurisdiction

is inextricably intertwined with and implicates the resolution of the merits of the case, the wiser,

more conservative course, assuming the complaint is not "wholly insubstantial," is to find that

jurisdiction exists and to treat the motion as a direct attack on the merits of the plaintiff's case.

See e.g., Licata v. United States Postal Service, 33 F.3d 259, 262-63 (3d Cir. 1994); Boyle v.

Governor's Veterans Outreach & Assistance Center, 925 F.2d 71, 74 (3d Cir. 1991); Peckman v.

Thompson, 966 F.2d 295 (7th Cir. 1992); Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir),

cert. denied, 454 U.S. 897 (1981), citing Bell v. Hood, 327 U.S. at 682; Biase v. Kaplan, 852 F.

Supp. 268, 277 (D.N.J. 1994).

In order to sustain diversity jurisdiction, all of the parties on one side of the controversy

must be citizens of different states than all of the parties on the other side,  Midlantic Nat'l Bank

v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995), and there must be complete diversity -- that is, no

plaintiff may be a citizen of the same state as any of the defendants. Strawbridge v. Curtiss, 7

U.S. (3 Cranch) 267 (1806).

The necessary allegations of each party's citizenship must affirmatively appear on the

face of the complaint.  Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) ("residency in a

state is insufficient for purposes of diversity"); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421

(3d Cir. 1970) ("[a]llegations of citizenship are required to meet the jurisdictional requirement");

Knop v. McMahan, 872 F.2d 1132, 1137 n.11 (3d Cir. 1989) ("the citizenship of a partnership is

determined by looking to the citizenship of its general and limited partners").

Moreover, the amount in controversy also must appear on the face of the complaint.  *See*

Levy v. Weissman, 671 F.2d 766, 767 (3d Cir. 1982). "The allegations on the face of the

complaint control the amount in controversy unless it appears 'to a legal certainty the claim is

really for less than the jurisdictional amount. . . .'" Horton v. Liberty Mut. Ins. Co., 367 U.S. 348,

353 (1961), quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

**Rule 12(b)(2) Standards.**  Once a defendant has raised a colorable lack of personal

jurisdiction defense, the burden shifts to the plaintiff to prove that jurisdiction exists in the forum

state.  IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 257 (3d Cir. 1998); Dayhoff Inc. v. H.J.

Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996).  A court must construe all facts in the light most

favorable to the plaintiff when determining whether personal jurisdiction exists. Pinker v. Roche

Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002).

Nonetheless, a plaintiff may not rest solely on the pleadings to satisfy its burden.  Carteret

Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). Rather, a plaintiff must

demonstrate "with reasonable particularity" contacts between the defendant and the forum

sufficient to support a prima facie case in favor of the exercise of personal jurisdiction by the

forum state.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1986); Mellon Bank v.

Farino, 960 F.2d 1217, 1223 (3d Cir. 1992); *Carteret Sav. Bank*, 954 F.2d at 146.  Thus, a Rule

12(b)(2) motion "requires resolution of factual issues outside the pleadings, *i.e.*, whether in

personam jurisdiction actually lies."  Clark v. Matsushita Electric Indus. Co., Ltd., 811 F.Supp

1061, 1064 (MD. Pa. 1993), quoting Time Share Vacation Club v. Atlantic Resorts, Ltd., 735

F.3d 61, 66 n. 9 (3d Cir. 1984).

As the United States Court of Appeals for the Third Circuit recently summarized:

> The inquiry as to whether specific jurisdiction exists has three parts.
> First, the defendant must have "purposefully directed [its] activities" at the
> forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174,
> 85 L.Ed.2d 528 (1985) (quotation  marks omitted). Second, the litigation must
> "arise out of or relate to" at least one of those activities.[Helicopteros

Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)]; Grimes v. Vitalink Commc'ns Corp., 17 F.3d 1553, 1559 (3d Cir.1994). And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.' " Burger King, 471 U.S. at 476 (quoting [Int'l Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

O'Connor v. Sandy Lane Hotel Co., Ltd., ___ F.3d ___, 2007 WL 2135274, *2 (3d Cir. 2007).

Merely re-stating the allegations in the pleadings does not enable a plaintiff to withstand a Rule 12(b)(2) motion.  Time Share Vacation Club, 735 F.2d at 66.  "At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of jurisdiction; once the motion is made, the plaintiff must respond with actual proofs not mere allegations."  Eagle Computer Assoc. v. Chesapeake Software Serv., Inc., 1999 WL 1030441, *1 (E.D. Pa. 1999) (citations omitted).

**Rule 12(b)(6).**  In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marshall-Silver Construction Co. v. Mendel, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party.  Budinsky v. Pennsylvania Dept. of Environmental Resources, 819 F.2d 418, 421 (3d Cir. 1987).  As the United States Court of Appeals for the

Third Circuit explained:

> A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting D.P. Enter. Inc. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," Schuylkill Energy Res., Inc. v. Pa. Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986).

Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007).

Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004), quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, it does not appear, from the face of the complaint to a legal certainty, that plaintiff's claim is really for less than the jurisdictional amount in controversy, and plaintiff's response offers further support that its claims do surpass the threshold amount as alleged in the complaint. Further inquiry would "allow[ ] a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits under 12(b)(6)" because the question of subject matter jurisdiction would seem to be inextricably intertwined with resolution of the merits of the case.

As to personal jurisdiction, plaintiff's brief in opposition attaches an affidavit and

exhibits setting forth, with reasonable particularity, sufficient facts to support personal

jurisdiction in Pennsylvania for purposes of a Rule 12(b)(2) motion.  See Sandy Lane Hotel,

2007 WL 2135274 at *3-*8.   Finally, for purposes of a Rule 12(b)(6) motion, this Court simply

cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts

in support of its breach of contract and related state law claims.

Accordingly,

**AND NOW, this 2nd day of August, 2007,** after due consideration of defendant's motion

to dismiss the complaint, plaintiff's response thereto, and the memoranda of law in support and

in opposition thereto,

**IT IS HEREBY ORDERED** that said motion to dismiss (doc. no. 8) **IS DENIED**

without prejudice to defendant's raising the issues set forth therein in a motion for summary

judgment at the appropriate time following discovery.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All Registered ECF Counsel